IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | | |
|---|---|---|
| LEVI DANIELS, | ) | Cause No. CV 07-14-GF-SEH-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MR. MacDONALD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

On February 8, 2007, Plaintiff Levi Daniels filed a Complaint under 42 U.S.C. § 1983.[1] Plaintiff is a state prisoner proceeding pro se and in forma pauperis. The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331.

**I. Preliminary Screening**

Because Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to 28 U.S.C. §§ 1915 and 1915A, which impose a screening responsibility on the courts. The Court must identify cognizable claims and dismiss cases or claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who

---

[1] Plaintiff signed a Complaint that alleges claims on behalf of other inmates as well. The Court considers only those claims relating to Plaintiff.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

is immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a), (b).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (quotation omitted).  This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action."  Id.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (internal citations and quotations omitted).

Although the statutes require dismissal for the reasons stated, they do not deprive the district court of its discretion to grant or deny leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."  Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).  "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, __ U.S. __, 127 S. Ct 2197, 2200 (2007) (per curiam) (internal quotation marks and citations omitted); Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699

(9th Cir. 1988).

**II. Plaintiff's Allegations**

Plaintiff was transferred from Montana State Prison to Crossroads Correctional Center, arriving there on July 1, 2005. He alleges that he was not permitted to shower July 1-4, July 14-19, and November 23-28; was served only "under nutritious" sack lunches, as opposed to hot meals, July 9-12, July 14-19, July 21-23, November 18-26, except for November 24, and November 28 to December 11; was not allowed access to day rooms or the telephone from July 1-29; was not allowed "any form of out of cell recreation" from July 2005 to January 2006; and was placed in lockdown from July 1-4, July 9-12, July 14-19, July 21-23, November 18-26, and November 28 to December 11. The reasons for these measures were variously stated as "reports from MSP," "suspicion," "all inmate action during a staff assault," "shanks found in dayroom," "racial tension and disruptive behavior," "documented behavioral problems," and no reason at all. See Compl. (doc. 2) at 7-11.

Plaintiff contends that these conditions amounted to cruel and unusual punishment and "mass punishment." See id.; see also id. at 15-17. He also contends that his right to due process was violated because he was subjected to these conditions without a disciplinary process and because, on November 25, 2005, he was accused of insolence but did not receive a write-up until December 12. Id. at 14.

Finally, Plaintiff contends that, on December 8, 2005, he was told by staff and given a memo stating that any inmate who was identified as a gang member would be placed on or returned to Phase I of the Close Custody Management Program. He claims that this amounts to discrimination and/or a violation of due process because inmates were not given an opportunity to defend

themselves in the disciplinary process and because reputed gang members were punished because of who they are. Id. at 18.

For his relief, Plaintiff seeks compensatory damages and injunctive relief in the form of termination of the Close Custody Management Program. Id. at 19-20.

## III. Analysis

### A. "Mass Punishment"

There is no outright constitutional prohibition against "mass punishment" or "lockdown." See, e.g., Pepperling v. Crist, 678 F.2d 787, 789 (9th Cir. 1982) (lockdown "may constitute a due process violation, as well as a violation of the Eighth Amendment, if [it] persist[s] too long.") (emphasis added); Hayward v. Procunier, 629 F.2d 599, 600-03 (9th Cir. 1980) (five-month lockdown did not violate Due Process Clause or Eighth Amendment). The only potentially applicable constitutional provisions are the prohibition against cruel and unusual punishment found in the Eighth Amendment and the guarantee of due process in the Fourteenth Amendment. See Baker v. McCollan, 443 U.S. 137, 140 (1979) ("[t]he first inquiry in any § 1983 suit" is "to isolate the precise constitutional violation with which [the defendant] is charged."). No claim can be stated for "mass punishment."

### B. Cruel and Unusual Punishment

"The Constitution 'does not mandate comfortable prisons.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Nor is the Eighth Amendment a mandate for federal courts to become involved in routine prison administration. Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).

To state a claim under the Eighth Amendment, a prisoner-plaintiff must show not only that prison officials were subjectively and actually indifferent to the plight he alleges, but also that the conditions themselves were objectively sufficiently serious to acquire constitutional dimension; that is, the conditions "must result in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (quoting Rhodes, 452 U.S. at 347). Generally, only the most severe deprivations can support an Eighth Amendment claim. "More modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing." Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 2000). "To find an Eighth Amendment violation, courts must identify specific conditions that fail to meet Eighth Amendment requirements." Hoptowit, 682 F.2d at 1247; see also id. n.3. A "totality of circumstances" test is not to be applied. Id. at 1247.

### 1. Showers

The Constitution does not recognize a right to shower. While inmates have a right to obtain personal hygiene supplies if they cannot afford to purchase their own, see Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996), as amended by 135 F.3d 1318 (9th Cir. 1998), Plaintiff does not allege that he was deprived of all personal hygiene supplies for a significant period of time, only that he was not permitted to shower for intermittent periods of time. He fails to state a claim on this basis.

### 2. Sack Lunches

"The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993). Sack lunches do not violate the Constitution. While Plaintiff does not describe the contents of the sack lunches, the Court has no doubt that he would have done so if they

were so sparse as to deprive him of a meal altogether. Plaintiff fails to state a claim on this basis.

### 3. Recreation

Although exercise is "one of the basic human necessities protected by the Eighth Amendment," LeMaire, 12 F.3d at 1457, a temporary denial of exercise is not a substantial deprivation. Compare, e.g., May v. Baldwin, 109 F.3d 557, 565-66 (9th Cir. 1997) (deprivation of exercise for 21 days did not violate the Eighth Amendment), with Toussaint v. Yockey, 722 F.2d 1490, 1493 (9th Cir. 1984) (denial of all outdoor exercise to inmates assigned to administrative segregation for over one year raised "substantial constitutional question"); Spain v. Procunier, 600 F.2d 189, 199-200 (9th Cir. 1979) (deprivation of outdoor exercise for a "period of years," where inmates were segregated and generally spent 24 hours a day in their cells, violates the Eighth Amendment). Plaintiff alleges that only intermittent deprivation "for various periods" between July 2005 and January 2006. He fails to state a claim on this basis.

### 4. Lack of Access to Day Room and Telephone

Again, because the conditions of which Plaintiff complains were intermittent and lasted, at the longest, for only thirty days, he cannot show that he was deprived of "the minimal civilized measure of life's necessities." He fails to state a claim on this basis.

### C. Due Process

Plaintiff contends that, if prison disciplinary policy is violated, the Constitution's Due Process Clause is also violated. That is not the law. See Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994), overruled on other grounds by Sandin v. Conner, 515 U.S. 472, 483-84 (1995).

An inmate is not entitled to constitutional due process unless a disciplinary hearing results

in a sanction that imposes against him a hardship that is "atypical and significant ... in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. The Ninth Circuit has held that placement in administrative segregation falls within the terms of confinement ordinarily contemplated when a prison sentence is imposed. See Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986). Plaintiff does not say whether any sanction was imposed against him, but it would have to be harsh to trigger the Constitution's protection. For example, in Ramirez v. Galaza, 334 F.3d 850 (9th Cir. 2003), the court held that it could not determine from the record whether a two-year term in segregation gave rise to a liberty interest. Id. at 861. The court did not reach a conclusion, but it necessarily found that a two-year term in administrative segregation might or might not entitle the inmate to due process. Plaintiff here does not suggest a similar penalty was imposed on him as a result of any alleged disciplinary violation.

Moreover, in Wilkinson v. Austin, 545 U.S. 209 (2005), the Supreme Court held that placement in a supermax prison, where lights are on 24 hours a day, and exercise is permitted only for one hour per day in a small indoor room, probably would not, under Sandin, give rise to a liberty interest. See id. at 223-24. The crucial facts in Wilkinson were (1) that inmates were deprived of "almost all human contact, even to the point that conversation is not permitted from cell to cell;" (2) that placement was for an indefinite period of time, with yearly review; and (3) that inmates lost all parole eligibility. Id. If Plaintiff was sanctioned by conditions remotely comparable to these, he would have said so. On the contrary, Plaintiff's Complaint alleges only intermittent periods of lockdown, the longest being only about two weeks.

Finally, even if Plaintiff was found guilty of insolence, and even if that finding may affect

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 7

his chances of obtaining parole, Sandin itself precludes consideration of the effect of a disciplinary conviction on parole prospects as "too attenuated." See Sandin, 515 U.S. at 487.

Plaintiff fails to state a claim for a violation of constitutional due process.

**D. Discrimination and/or Due Process**

Plaintiff's discrimination claim falls under the Fourteenth Amendment's Equal Protection Clause, which prohibits States from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. To state a claim for an equal protection violation, a prisoner must allege invidious discrimination that deprives him of some fundamental constitutional guarantee. See, e.g., Turner v. Safley, 482 U.S. 78, 84 (1987) (citing Procunier v. Martinez, 416 U.S. 396, 405-06 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401 (1989)). "Invidious" discrimination means discrimination on the basis of some constitutionally impermissible category, such as race or religion. Prison officials are permitted to – and must – discriminate among inmates for valid reasons, such as considerations of safety and security.

Here, Plaintiff says he was discriminated against because he is or is believed to have been a "gang member." It is beyond dispute that prison officials may act to advance legitimate penological objectives, such as security, provided there is a rational connection between the action taken and the objective served. See, e.g., Turner, 482 U.S. at 89-90. Here, segregation of suspected gang members within a prison is obviously rationally related to prison safety and security. Additionally, Plaintiff complains only that suspected gang members would be placed in or returned to Phase I of a particular custody level – a level that, as set forth above, does not impose hardships

that are atypical or significant in relation to the ordinary incidents of prison life. Plaintiff does not state a claim on which relief may be granted on the basis of discrimination against gang members or a violation of gang members' rights to equal protection or due process.

## IV. Amendment

The Court has considered whether Plaintiff might cure the defects in his pleading by amendment. However, the conditions that form the basis of the Complaint fall far short of what is required to show a violation of the United States Constitution. This is not a case where a pro se plaintiff has overlooked technical pleading requirements. Plaintiff would have to allege substantially different and harsher conditions of confinement to plead a § 1983 claim. The Court has no doubt that, if Plaintiff had been subjected to any such condition, he would have said so. Amendment would be futile.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Plaintiff's Complaint (doc. 2) should be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

2. The docket should reflect that Plaintiff's filing of this action counts as one strike for failure to state a claim, pursuant to 28 U.S.C. § 1915(g).

3. Pursuant to Fed. R. App. P. 24(a)(4)(B), the district court should CERTIFY that any appeal from its disposition would not be taken in good faith.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

Plaintiff must immediately inform the Court of any change in his mailing address. Failure to do so may result in dismissal of this case without notice to him.

DATED this 9th day of August, 2007.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 10